# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LOUIS WATKINS, <br><br> Petitioner, <br><br> v. <br><br> R. E. BINKELE, Warden, <br><br> Respondent. | Case No.: 3:18-cv-02194-AJB-RBM <br><br> **REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: GRANTING RESPONDENT'S MOTION TO DISMISS** |

## I. INTRODUCTION

Petitioner WILLIE LOUIS WATKINS ("Petitioner"), a California prisoner proceeding *in pro per* and *in forma pauperis*, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1, at 1.) He seeks relief from his February 2008 conviction in San Diego County Superior Court Case number SCD202281, on the grounds that: (1) his sentence was unauthorized; (2) he is actually innocent; (3) restitution is improper; (4) he was improperly sentenced; (5) his trial counsel was ineffective; (6) an evidentiary hearing is warranted; and (7) he has made a prima facie showing entitling him to relief. (Doc. 1, at 12-18.) Respondent R. E. Binkele ("Respondent") has filed a Motion to Dismiss on the grounds that the Petition is barred by the statute of limitations and Petitioner's claims are procedurally defaulted. (*See* Doc. 9.) Petitioner opposes Respondent's motion and argues that he is entitled to equitable tolling and a review of his

1

actual innocence claim. (Doc. 11, at 1-2.)

The matter was referred to the undersigned judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(d). After a thorough review of the pleadings, moving and opposition papers, and supporting documents, this Court respectfully recommends that the Motion be **GRANTED**, and that the Petition be **DISMISSED WITH PREJUDICE** as untimely.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner is in the custody of Respondent pursuant to a judgment from a San Diego County Superior Court, where on February 19, 2008, a jury convicted him and two co-defendants of forcible rape in concert (Cal. Penal Code §§ 261(a)(2), 264.1; counts 1, 4); forcible rape (Cal. Penal Code § 261(a)(2); counts 2-3, 5-6); forcible oral copulation in concert (Cal. Penal Code § 288a(d); counts 7, 10); forcible oral copulation (Cal. Penal Code § 288a(c)(2); counts 8-9, 11-14); sodomy in concert (Cal. Penal Code § 286(d); count 15); rape with a foreign object (Cal. Penal Code § 289(a)(1); count 16); attempted rape (Cal. Penal Code §§ 261(a)(2), 664; counts 17-18); first-degree robbery (Cal. Penal Code §§ 211, 212.5(a); counts 19-22); and false imprisonment by violence, menace, or deceit (Cal. Penal Code §§ 236, 237(a) counts 25-26). (*See* Doc. 10-1). The jury also found that counts one through sixteen were committed during the commission of a first-degree burglary with the intent to steal; that they involved multiple victims; and, that one of the perpetrators personally used a firearm. (*See* Cal. Penal Code §§ 667.61(a)-(c), (e)). (Doc. 10-1, at 4.) On May 2, 2008, Petitioner was sentenced to a total of 315 years, four months to life in state prison. (*See* Doc. 10-1.)

On February 1, 2009, Petitioner appealed his sentence, arguing that the sentencing minute order contained an unlawful sentence as to the first-degree robbery counts, and that the trial court deprived Petitioner of his right to a jury trial and acted in excess of its jurisdiction by sentencing Petitioner to consecutive sentences. (*See* Doc. 10-2.) After briefing by the People of the State of California (*see* Doc. 10-3), Petitioner submitted a reply brief wherein he claimed that the prosecutor's misconduct during closing argument

deprived him of due process and his right to a fair trial, and that the trial court's decision to instruct the jury on flight was unsupported by substantial evidence; he also joined in the reply arguments of his co-appellants (*see* Doc. 10-4)[1]. On March 16, 2010, the California Court of Appeal affirmed the judgment in its entirety as to Petitioner. (*See* Doc. 10-5.)

On April 20, 2010, Petitioner filed a petition for review in the California Supreme Court, again arguing that prosecutorial misconduct deprived Petitioner of his rights to due process and a fair trial and the trial court erroneously instructed the jury on flight, and joined in his co-appellant's review arguments. (*See* Doc. 10-6.) On July 14, 2010, the petition was denied. (Doc 1, at 2; Doc. 9-1, at 2; Doc. 10-7; Doc. 10-9, at 2.)

On April 2, 2015, Petitioner filed a habeas petition in the state superior court, seeking to reduce or vacate the restitution imposed on him because the trial court failed to account for his inability to pay while incarcerated. (*See* Doc. 10-8.) On May 7, 2015, the petition was denied with stated reasons.

On December 12, 2017, Petitioner filed another habeas petition in the state superior court, raising claims identical to those raised in the Petition before this Court. (*See* Doc. 10-10.) It appears that Petitioner photocopied several pages from that petition and submitted the photocopies as part of the instant Petition. Petitioner claimed that his sentence was unauthorized, he is actually innocent, restitution is improper, he was improperly sentenced, his trial counsel was ineffective, an evidentiary hearing was warranted, and he made a prima facie showing which entitled him to relief. (*See* Doc. 10-10.) On February 1, 2018, the petition was denied with stated reasons. (*See* Doc. 10-11.) Specifically, the state court found that: the first ground was meritless; habeas was an improper vehicle for the relief sought by the second ground; the sentencing court properly imposed restitution; Petitioner was properly sentenced under the sentencing law in effect

---

[1] Petitioner's co-defendants, Antonio Washington and Donald Duante Smith, appealed on the grounds that the trial court erred in admitting Washington's pretrial statements to police, admitting evidence of Washington's prior bad acts, giving the jury a flight instruction, and imposing a sentence that constituted cruel and unusual punishment.

at the time of the offense; and Petitioner failed to state a prima facie claim of ineffective assistance of counsel. (*Id.*)

On February 26, 2018, Petitioner filed a habeas petition in the state appellate court raising the same claims. (*See* Doc. 10-12.) On March 7, 2018, the California Court of Appeals denied the petition, reasoning that: a habeas petition was the improper remedy to raise errors that could have been, but were not raised on a timely appeal (*See In re Dixon*, 41 Cal.2d 756, 759 (1953)); Petitioner failed to carry his burden to state a prima facie case for habeas relief; and most importantly, that the "petition, presented over a decade after [Petitioner's] conviction with no explanation for the delay, is barred as untimely. (*In re Reno* (2012) 55 Cal.4th 428, 459-460.)" (Doc 10-13, at 1-2.)

On April 16, 2018, Petitioner filed a habeas petition in the California Supreme Court, wherein he raised the same claims as in the instant petition. (*See* Doc. 10-14.) On August 15, 2018, the California Supreme Court denied the petition as untimely pursuant to *In re Robbins*, 18 Cal.4th 770, 780 (1998).

On September 16, 2018, Petitioner filed the instant Petition. (Doc. 1, at 107.)

### III. DISCUSSION

**A. Statute of Limitations**

Any habeas petition filed in federal court after April 24, 1996, is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") or 1996, 28 U.S.C. § 2244 (2012). *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA imposes a one-year statute of limitations to file a federal habeas petition after a statutorily-specified trigger date. 28 U.S.C. § 2244(d); *see also Smith v. Mahoney*, 611 F.3d 978, 993 (9th Cir. 2010). The AEDPA states in relevant part:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)

"The period of direct review after which a conviction becomes final includes the 90 days during which the state prisoner can seek a writ of certiorari from the United States Supreme Court." *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009). It is appropriate to dismiss a federal petition for a writ of habeas corpus with prejudice when it was not filed within the AEPDA's one-year statute of limitations. *Jiminez v. Rice*, 276 F.3d 478, 482-83 (9th Cir. 2001). The statute of limitations is a threshold issue that courts may resolve before the merits of individual claims. *See White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002).

Petitioner was sentenced on May 2, 2008. (*See* Doc. 10-1.) He filed a direct appeal in the California Court of Appeal on February 1, 2009 (*see* Doc. 10-2), which was denied on March 16, 2009 (*see* Doc. 10-5). Petitioner then filed a Petition for Review in the California Supreme Court on April 20, 2010 (*see* Doc. 10-6), which was denied on July 14, 2010 (*see* Doc. 1, at 2; Doc. 9-1, at 2; Doc. 10-7; Doc. 10-9, at 2).

It appears from the record that the latest date from which the statute of limitations began to run was the conclusion of direct review of Petitioner's conviction. 28 U.S.C. §2244(d)(1)(A). The direct review of Petitioner's conviction concluded on July 14, 2010, when the California Supreme Court denied his petition for review. Adding the ninety days within which a petition for a writ of certiorari may be filed in the United States Supreme

Court, Petitioner's conviction became final on October 12, 2010. *See Zepeda*, 581 F.3d at 1016. Accordingly, absent any applicable tolling, Petitioner had until October 12, 2011, to file his federal habeas petition. 28 U.S.C. 2244(d)(1); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner did not file his federal habeas petition until September 16, 2018, nearly seven years after the statute of limitations expired. (*See* Doc. 1.) Therefore, unless Petitioner is entitled to any tolling, his Petition should be dismissed with prejudice as untimely.

1. Statutory Tolling

The one-year statute of limitations for the filing of a federal habeas petition is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). Additionally, the interval between the disposition of one state petition and the filing of another may be tolled under the doctrine of "interval tolling." *Carey v. Scaffold*, 536 U.S. 214, 223 (2002). "[T]he AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures to exhaust state court remedies with regard to a particular post-conviction application.'" *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999)). The statute of limitations is tolled from the time a petitioner's first state habeas petition is filed until state collateral review is concluded, but it is not tolled before the first state collateral challenge is filed. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007) (citing *Nino*, 183 F.3d at 1006).

Here, Petitioner filed a petition for a writ of habeas corpus in the San Diego County Superior Court on April 2, 2015, approximately three and a half years after the expiration of the AEDPA statute of limitations. (*See* Doc. 10-8.) But, "in order to qualify for statutory tolling during the time petitioner is pursuing collateral review in the state courts, the prisoner's state habeas petition must be constructively filed before, not after, the expiration of AEDPA's one-year limitations period." *Johnson v. Lewis*, 310 F.Supp.2d 1121, 1125 (C.D. Cal. 2004); *see also Jiminez*, 276 F.3d at 842 (holding that the petitioner was not

6

3:18-cv-02194-AJB-RBM

entitled to statutory tolling for a state habeas petition filed "well after the AEDPA statute of limitations ended"). Therefore, Petitioner is not entitled to statutory tolling during the pendency of his first state habeas petition.

Petitioner filed a second petition for a writ of habeas corpus in the San Diego County Superior Court on December 12, 2017, more than eight years after the AEDPA statute of limitations expired. (*See* Doc. 10-10.) But, the filing of the subsequent petition had no tolling effect because, like the first habeas petition, it was filed after the expiration of the statute of limitations. *See Jiminez*, 276 F.3d at 842; *see also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.") Therefore, Petitioner is not entitled to statutory tolling during the pendency of his second state habeas petition.

2. Equitable Tolling

Respondent argues that Petitioner has not alleged any grounds which entitle him to equitable tolling, and the record does not show that the late filing of the Petition was due to an extraordinary circumstances beyond Petitioner's control. (Doc. 9-1, at 6.) Petitioner contends that he is entitled to equitable tolling because he cited previously unavailable case authority, and no ruling on the merits of his claims based on that new authority was given. (Doc. 11, at 1.)

A habeas petitioner may be entitled to equitable tolling of AEDPA's one-year statute of limitations if he can establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 554 U.S. 408, 418 (2005); *see also Espinoza-Matthews v. State of California*, 432 F.3d 1021, 1026 (9th Cir. 2005). The diligence required of a petitioner is "reasonable," not the "maximum feasible." *Holland v. Florida*, 560 U.S. 631, 653 (2010). However, equitable tolling is "unavailable in most cases," and only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *see also Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011). A petitioner seeking to equitably toll the statute of limitations bears

7

the burden of showing that it should apply to him. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). "Determining whether equitable tolling is a fact-specific inquiry." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotations omitted). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule" *Miranda*, 292 F.3d at 1066 (alterations in original, internal quotations omitted).

Here, Petitioner fails to carry his burden of showing diligence in pursuing his rights or extraordinary circumstances that prevented him from timely filing his petition. Plaintiff does not allege that he acted diligently, and the record before the Court does not support a finding of diligence. The California Supreme Court denied Petitioner's petition for direct review on July 14, 2010 (*see* Doc. 10-9, at 2) and the AEDPA statute of limitations began to run on October 12, 2010 (*see* Section III.A, *supra*). Petitioner filed his first state habeas petition on April 2, 2015, nearly five years later. (*See* Doc. 8.) When the first petition was denied, petitioner waited more than two years to file his second state habeas petition. (*See* Doc. 9, Doc. 10). Finally, Petitioner waited nearly seven years after his petition for review was denied before filing his federal habeas petition. (*See* Doc. 10-9, at 2; Doc. 1.) These delays cannot be supported by a generalized statement that petitioner cited "previously unavailable case authority." (*See* Doc. 11, at 1.)

Petitioner also fails to demonstrate that extraordinary circumstances beyond his control prevented him from timely filing the instant petition. The record does not show "a complete lack of access to a legal file," (*Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)), an inadequate prison library, (*see Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000) (en banc)), mental incompetency, (*see Calderon v. U.S. District Court Central Dist. Calif. (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (abrogated on other grounds by *Woodford v. Garceau*, 538 U.S. 202 (2003)), "egregious and atypical" attorney negligence, (*Pliler v. Ford*, 542 U.S. 225 (2004)), erroneous legal holdings (*see, e.g., Smith v. Ratelle*, 323 F.3d 813 (9th Cir. 2003), or misconduct by prison officials (*see Stillman v. LaMarque*, 319 F.3d 1199 (9th Cir. 2003), or any other circumstance justifying the delay.

Petitioner has failed to satisfy the high burden of demonstrating that he acted diligently and that extraordinary circumstances prevented him from timely filing his petition. Accordingly, Petitioner is not entitled to equitable tolling of AEDPA's statute of limitations.[2] His Petition is untimely.

**B. Procedural Default**

Respondent also argues that Petitioner's claims are procedurally defaulted. (Doc. 9-1, at 6-8.) Petitioner does not directly respond but does claim actual innocence. (Doc. 1, at 13, 21-23; Doc. 11, 1-2.) The Court will analyze whether Plaintiff's claims are procedurally defaulted, and address Plaintiff's actual innocence claim in section III.C.

"The procedural default doctrine 'bar[s] federal habeas [review] when a state court declines to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement.'" *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). The doctrine "'is a specific application of the general adequate and independent state grounds doctrine.'" *Bean*, 96 F.3d at 1129 (quoting *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994)). Under the adequate and independent state grounds doctrine, "[a] federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Walker v. Martin*, 562 U.S. 307, 315 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 55 (2009)). "The state law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits. *See Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977).

The Ninth Circuit has held that because procedural default is an affirmative defense, in order to establish a claim is procedurally defaulted, Respondent must first "adequately

---

[2] Petitioner also makes a claim of factual innocence, which if adequately shown, may overcome both a procedural default (*Schlup v. Delo*, 513 U.S. 298 (1995)) and a statute of limitations bar (*McQuiggin v. Perkins*, 569 U.S. 383 (2013)). For clarity and organizational purposes, the Court will analyze Petitioner's factual innocence in Section III.C, *infra*.

[plead] the existence of an independent and adequate state procedural ground ...." *Bennet v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). In order to place the defense at issue, Petitioner must then "assert[] specific factual allegations that demonstrate the inadequacy of the state procedure...." *Id.* The "ultimate burden" of proving procedural default, however, belongs to the state. *Id.* If the state meets its burden under *Bennet*, federal review of the claim is foreclosed unless Petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"For a state procedural rule to be independent, the state law grounds for the decision must not be interwoven with federal law." *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003) (internal citations omitted). "A state law ground is so interwoven if the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed." *Id* (internal citations omitted). For a state procedural rule to be adequate, "the state law ground for the decision must be well-established and consistently applied." *Bennet*, 322 F.3d at 583.

Here, the California Supreme Court's denial of Watkins's petition for review, filed in the California Supreme Court on August 15, 2018, is the last reasoned state court decision. That court denied the petition, stating: "The petition for writ of habeas corpus is denied (*See In re Robbins* (1998) 18 Cal.4th 770, 789 [courts will not entertain habeas corpus claims that are untimely].)" The Supreme Court has found that the untimeliness rule of *In re Robbins*, 18 Cal.4th 770 (1998), is an independent and adequate state procedural rule. *Walker*, 562 U.S. at 1128-30. Respondent has thus pled the existence of an independent and adequate state procedural bar. Watkins has not "asserted specific factual allegations that demonstrate the inadequacy of the state procedure ...." *Bennett*, 322 F.3d at 586. His claims are therefore procedurally defaulted unless he can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or

10

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

The "cause" prong is satisfied if Watkins can demonstrate some "objective factor" that precluded him from raising his claims in state court, such as interference by state officials or constitutionally ineffective counsel. *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991). Cause may exist if the petitioner invokes a rule for which there was no reasonable basis in existing law at the time his conviction became final. *Reed v. Ross*, 468 U.S. 1, 14-15 (1984) However, a habeas petitioner may not seek retroactive application of a new rule of constitutional law to his case unless it "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe… [or] if it requires the observance of those procedures that…are implicit in the concept of ordered liberty". *Teague v. Lane*, 489 U.S. 288, 307-08 (internal quotations omitted) (1989).

Petitioner argues that he relies on previously unavailable case authority, and that no court had rule on the merits of his claims based on that new authority. (Doc. 11, at 1.) However, Petitioner cites no case creating "new rules" of constitutional law. See *Teague*, 489 U.S. at 307-08. Rather, he contends that "the offenses in the instant matter occurred before the 2006 amendments to [California Penal Code section] 667.61." It appears Petitioner contends that the 2006 amendments to the California Penal Code, specifically those governing sentencing, should have been applied to his case. (Doc. 1, at 26). But, this "new case authority" was available at the time his conviction became final on October 12, 2010. See 28 U.S. 2244(d); *Zepeda*, 581 F.3d at 1016. Any changes in the law at or near the time of Petitioner's conviction were in existence at the time Petitioner's conviction was final. *See McCleskey v. Zant*, 499 U.S. 467. Petitioner has therefore failed to show cause for the delay. Because Petitioner cannot show cause, the Court need not consider whether he suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43, (1982) ("Since we conclude that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice.").

///

Finally, Petitioner has also failed to demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. The Supreme Court has limited the "miscarriage of justice" exception to petitioners who can show that "a constitutional violation has probably resulted in one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In *Wood v. Hall*, 130 F.3d 373, 379 (9th Cir. 1997), the Ninth Circuit held that "actual innocence" means factual innocence, not simply legal insufficiency; a mere showing of reasonable doubt is not enough. As discussed below, Petitioner has not presented evidence sufficient to establish he is actually innocent of the charges of which he was convicted. Thus, Petitioner has not satisfied the fundamental miscarriage of justice exception, and the claims are procedurally defaulted. *Schlup*, 513 U.S. at 327.

**C. Actual Innocence Gateway**

A federal habeas petitioner may be able to overcome a procedural default and have his claims heard on the merits if he demonstrates that he is "innocent of the charge for which he is incarcerated." *Schlup v. Delo,* 513 U.S. 298, 321 (1995). Such a claim must be supported "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. If a petitioner can show that "in light of all the evidence, including the evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt,'" then his procedurally defaulted claims may pass through the *Schlup* gateway. *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) (quoting *Schlup*, 513 U.S. at 324). "This evidence must create a colorable claim of actual innocence … as opposed to legal innocence as a result of legal error." *Gandarela v. Johnson*, 286 F.3d 1080 (9th Cir. 2002). When confronted with an actual-innocence gateway claim, a federal habeas court "should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *McQuiggin*, 569 U.S. at 385.

/ / /

The Supreme Court has also found that a showing of actual innocence may overcome AEDPA's statute of limitations if the petitioner can demonstrate that the failure to consider his claims would result in a fundamental "miscarriage of justice." *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *see also Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc) ("[w]e hold that a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the *Schlup* gateway to have his otherwise time-barred claims heard on the merits").

However, "tenable actual-innocence gateway pleas are rare" (*McQuiggin*, 569 U.S. at 386), and the *Schlup* standard is demanding and seldom met (*see House v. Bell*, 547 U.S. 518, 538 (2006)). The gateway "should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin,* 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316). This high standard "ensures that petitioner's case is truly 'extraordinary,' while still providing petitioner a meaningful avenue by which to avoid a manifest injustice." *House*, 547 U.S. at 537 (internal citations omitted).

Here, Petitioner fails to identify any new evidence indicating that he is, in fact, innocent. Petitioner claims he is certain that "new DNA testing will be relevant to [his] assertion of innocence." (Doc. 1. At 22.) Petitioner's contention of factual innocence is based solely on his own belief. But, Petitioner's belief is insufficient to prove actual innocence: rather, *new* objective evidence that was not previously presented is required. *See Schlup,* 513 U.S. at 321. Petitioner has not shown that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.,* at 324. Accordingly, Petitioner's claims can neither overcome the procedural default nor the one-year statute of limitations.

/ / /

/ / /

## V. CONCLUSION

The Court respectfully submits this Report and Recommendation to United States District Judge Anthony J. Battaglia under 28 U.S.C. § 636(b)(1)(B) and Rule 72.1(c)(1)(d) of the Local Civil Rules of the United States District Court for the Southern District of California. For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order approving and adopting this Report and Recommendation in its entirety and directing that Judgment be entered **GRANTING** Respondent's Motion to Dismiss and **DISMISSING** the Petition **WITH PREJUDICE** as untimely.

**IT IS ORDERED** that no later than **July 11, 2019** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 11, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATE: June 10, 2019

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE