UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Willie Louis Watkins,<br><br>                          Petitioner,<br>v.<br>R.E. Binkele,<br><br>                          Respondent. | Case No.: 18-cv-2194-AJB-RBM<br><br>**ORDER:**<br>**(1) ADOPTING THE REPORT AND RECOMMENDATION, (Doc. No. 12);**<br>**(2) GRANTING RESPONDENT'S MOTION TO DISMISS, (Doc. No. 9);** and<br>**(3) DISMISSING PETITIONER'S WRIT OF HABEAS CORPUS (Doc. No. 1)** |
|---|---|

Before the Court is Petitioner's petition for Writ of Habeas Corpus. In the Report and Recommendation ("R&R") the Magistrate Judge recommended dismissing Petitioner's federal petition for writ of habeas corpus finding it was time-barred and his claims were procedurally defaulted. Agreeing with the R&R, the Court **ADOPTS** the R&R, **GRANTS** Respondent's dismissal motion, and **DISMISSES** Petitioner's writ of habeas corpus.

## I.    BACKGROUND

Petitioner Willie Louis Watkins filed his Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his underlying state court conviction on seven grounds. (Doc. No. 1 at 1, 12–18.) Respondent moved to dismiss Petitioner's petition, arguing it is barred by the

statutes of limitations and that Petitioner's claims are procedurally defaulted. (Doc. No. 9.) The factual details of Petitioner's case are detailed in the R&R, (Doc. No. 12 at 2–4), and will only be referenced as necessary herein.

## II. LEGAL STANDARD

The duties of the district court with respect to a magistrate's judge's R&R are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing*, 874 F.2d 614, 617–18 (9th Cir. 1989). As to portions of the report to which no objection is made, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974); *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1146–47 (9th Cir. 2007).

## III. DISCUSSION

The R&R found that "absent any applicable tolling, Petitioner had until October 12, 2011, to file his federal habeas petition." (Doc. No. 12 at 6.) Here, Petitioner did not file his Petition until September 16, 2018, nearly seven years after the statute of limitations had run. (*Id.*) The R&R then went on to discuss whether Petitioner was entitled to the tolling of the statute, such that his Petition could survive. (*Id.* at 6–9.) The R&R first found that Petitioner was not entitled to statutory tolling. (*Id.* at 6–7.) A federal habeas petition may be statutorily tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." 28 U.S.C. § 2244(d)(2). The R&R found that Petitioner could not avail himself of statutory tolling because he did not file his state court habeas petition until April 2, 2015—three and

a half years after the statute had run. (Doc. No. 12 at 6.) Petitioner filed a second state court habeas petition in 2017, but the R&R found it met the same fate as the first. (*Id.* at 7.)

The Court next discussed whether Petitioner was entitled to equitable tolling. (*Id.*) Equitable tolling is allowed when the Petitioner can establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 554 U.S. 408, 418 (2005). The R&R found Petitioner "fail[ed] to carry his burden of showing diligence in pursuing his rights or extraordinary circumstances that prevented him from timely filing his petition." (Doc. No. 12 at 8.) The Magistrate Judge also stated that "Petitioner also fail[ed] to demonstrate that extraordinary circumstances beyond his control prevented him from timely filing the instant petition." (*Id.*) Accordingly, the R&R concluded that Petitioner was not entitled to equitable tolling of his claims and that "[h]is petition is untimely." (*Id.* at 9.)

Finally, the R&R discussed whether Petitioner's claims were procedurally defaulted. (*Id.* at 9–13.) This doctrine bars federal habeas review "when a state court declines to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement." *Calderon v. U.S. District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (internal quotations omitted). Ultimately, the R&R reasoned that because Petitioner was unable to show actual innocence or that a fundamental miscarriage of justice occurred, his claims were procedurally defaulted. (Doc. No. 12 at 9–13.) The R&R concluded by recommending this Court grant Respondent's motion to dismiss and dismissing Petitioner's petition with prejudice as untimely. (*Id.* at 14.)

In Petitioner's objection, he makes two brief arguments. (Doc. No. 13.) First, he argues that under new authority, *People v. Duenas*, 30 Cal. App. 5th 1157 (2019), "restitution is recognized and considered to be separate and additional punishment for a crime." (*Id.* at 1.) Thus, he contends "Double Jeopardy applies when there is both restitution and prison term for the same offense. . . ." (*Id.*) Second, Petitioner asserts his prison term was "unauthorized due to failure to impose a term of parole, which is a lawful requirement of a prison sentence." (*Id.* at 2.)

However, the Court finds that Petitioner has failed to properly object to the R&R's conclusions regarding the untimeliness of his claims or the fact the R&R found his claims were procedurally defaulted. Even if the Court wanted to get into the merits of his claims, the Court does not have jurisdiction over claims not properly before it. Thus, the Court has no choice but to **OVERRULE** Petitioner's objections and agree with the R&R.

## IV. CERTIFICATE OF APPEALABILITY

When a district court enters a final order adverse to the applicant in a habeas corpus proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003) (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether [] the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citation and internal quotation marks omitted). Here, the Court finds that reasonable jurists could not debate the Court's conclusion to dismiss with prejudice Petitioner's claims and therefore **DECLINES** to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated herein, the Court finds the R&R was well-reasoned, thorough, and contains no clear error. Thus, the Court **ADOPTS** the R&R in its entirety, (Doc. No. 12), **GRANTS** Respondent's dismissal motion, (Doc. No. 9), and **DISMISSES** Petitioner's federal petition for habeas corpus, (Doc. No. 1). The Court Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

Dated: August 12, 2019

Hon. Anthony J. Battaglia
United States District Judge